UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**KENNETH EARL ROBERSON,**
 Plaintiff,

v.

**JOHN DOE, et al.,**
 Defendants.

**Case No. 5:23-cv-760-CLM-GMB**

## MEMORANDUM OPINION

 The magistrate judge has entered a report, recommending the court dismiss this case without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 20). Plaintiff Kenneth Earl Roberson has filed a response to the report and recommendation (doc. 21), which the court construes as objections, as well as several supplements to his response (docs. 22, 23, 24, 25, 26). For the reasons stated within, the court will **OVERRULE** Roberson's objections, **ADOPT** the magistrate judge's report, **ACCEPT** the recommendation, and **DISMISS** this case **WITHOUT PREJUDICE**.

### Background

 Roberson's amended complaint alleges that on February 10, 2023, he "was handed a warrant for failure to appear and seized." (Doc. 17, p. 3). On February 21, 2023, Roberson receive an order of commitment to jail, which listed 9 cases in the Municipal Court of Huntsville, Alabama that Roberson had been sentenced to serve various terms of imprisonment for. (*Id.*, pp. 3, 8). Roberson was charged with 4th degree theft of property in Case No. 11115467 and sentenced to 365 days with 1 day of jail credit. (*Id.*, p. 8). Six of Roberson's other sentences were to run concurrent with the sentence in Case No. 11115467. (*Id.*). But the order of commitment did not say if Roberson's 365 day sentence for 4th degree theft of property in Case No. 11113912 was concurrent or consecutive with the sentence in Case No. 11115467. (*Id.*). The order also did not say when Roberson's sentence was to begin. (*Id.*).

Roberson says that he should have been given the ability to turn himself in. (*Id.*, p. 4). Roberson also says that the order of commitment is void and that Defendant Officer Fields imposed her own personal will to detain him because the order (a) left blank the field for date/time sentence begins, and (b) didn't explain whether the sentence in Case No. 11113912 was to be served concurrent or consecutive to the sentence in Case No. 11115467. (*Id.* pp. 4–6). He also asserts that Fields improperly detained him because she did not have a warrant. (*Id.*, p. 4).

The magistrate judge recommends that the court dismiss Roberson's claims for failure to state a claim. The magistrate judge noted that state court records show that Roberson appealed his sentences in both municipal court cases 11113912 and 11115467 and that the municipal court released Roberson on bond pending appeal in both cases on June 22, 2021. (Doc. 20, p. 5). After Roberson failed to appear at trial, the circuit court remanded both cases to the municipal court on February 22, 2022. (*Id.*). Because Roberson had been sentenced to 365 days in jail and was simply out on bond pending appeal when Fields detained him, the magistrate judge found that Roberson's claim that Fields "imposed her own personal will" in detaining him did not state a claim for relief against Fields in her individual capacity. (*Id.*, p. 9). The magistrate judge found that the Eleventh Amendment barred Roberson's official capacity claims against Fields. (*Id.*, pp. 8–9). And the magistrate judge recommended that the court dismiss the claims against the other Defendants because Roberson did not bring any specific claims against them. (*Id.*, pp. 7–8).

## Discussion

Roberson raises several objections to the report and recommendation. The court will address each objection in turn.

1. Roberson first objects to the magistrate judge screening his complaint under the Prison Litigation Reform Act relying on the International Covenant on Civil and Political Rights to support this objection. (Doc. 21, pp. 2–3). The International Covenant on Civil and Political Rights creates no judicially enforceable individual rights and is not binding on federal courts. *See United States v. Duarte-Acero*, 296 F.3d 1277, 1283 (11th Cir. 2002). In contrast, the Prison Litigation Reform Act requires this court to screen a prisoner's

2

complaint "as soon as practicable" and dismiss the complaint if it "fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A. So the court overrules this objection.

2. Roberson next objects to the order of commitment to jail's failure to explain whether the sentence in Case No. 11113912 was to be served concurrently or consecutively with the sentence in Case No. 11115467. (Doc. 21, pp. 4–6). He also objects to the magistrate judge not commenting on whether the sentence in Case No. 11156070, which the order of commitment said wasn't set to be tried until March 2023, was to be concurrent or consecutive to his other sentences. (*Id.*, p. 4).

Neither Officer Fields nor any of the other Defendants drafted the order of commitment to jail. (Doc. 17, p. 8). So Roberson hasn't shown that they can be held liable for the order's failure to specify whether the sentence in Case No. 11113912 was to run concurrent with the sentence in Case No. 11115467. And Roberson's complaint and the state court record make clear that Roberson hadn't completed his sentence for any of the municipal court cases listed in the order of commitment. So the issue over how to calculate Roberson's sentence didn't affect Officer Fields' ability to detain Roberson under the order of commitment to jail. As for Case No. 11156070, an exhibit Roberson recently submitted shows that he was found guilty of obstructing governmental operations and sentenced to 45 days in jail with his sentence to run concurrent with the sentence in Case No. 11113912. (Doc. 24, p. 9). Roberson doesn't explain how this sentence affects his claims or why the magistrate judge erred in not mentioning this sentence in the report and recommendation.

Roberson's objections instead suggest that he wishes for this court to issue a declaratory judgment that interprets his sentences for all his state court convictions as running concurrent to the sentence in Case No. 11115467. This court cannot issue advisory opinions. And a claim that officials are impermissibly treating a concurrent sentence as a consecutive one must be raised in a petition for writ of habeas corpus, not a § 1983 action. *See Rueb v. Brown*, 504 F. App'x 720, 722–23 (10th Cir. 2012). So the court overrules these objections.

3. Roberson also says that the state court records the magistrate judge cited show that he was improperly arrested without an arrest warrant before he was found guilty of his municipal court offenses. (Docs. 22, 23, 24, 25). So Roberson seeks to amend his complaint to add false arrest claims against Jaron Medford, the officer who swore out the criminal complaint against Roberson in Case No. 11113912. (Doc. 20-1, p. 4). According to Roberson, "without the foundational warrant all other warrants are fruit of a poisoned tree in violation of all claims asserted by" Roberson. (Doc. 25, p. 7).

The court will not grant Roberson leave to file a second amended complaint because his proposed amendment of adding Medford as a Defendant would be futile. "To succeed on a false-arrest claim, a plaintiff must establish (1) a lack of probable cause, and (2) an arrest." *Brooks v. Miller*, 78 F.4th 1267, 1281 (11th Cir. 2023). "Probable cause exists when a reasonable officer could conclude that there is a substantial chance of criminal activity," and "is an absolute bar to a § 1983 false-arrest claim." *Id.* (cleaned up).

Roberson says that Medford falsely arrested and improperly initiated criminal proceedings against him because he didn't have an arrest warrant. But while "an arrest conducted in a public place must be supported by probable cause, . . . it does not require a warrant." *McClish v. Nugent*, 483 F.3d 1231, 1238 (11th Cir. 2007). And the state court records that Roberson relies on to say that Medford improperly arrested him without an arrest warrant show that Medford (a) arrested Roberson in a public place, and (b) had probable cause to arrest Roberson for 4th degree theft of property. In the criminal complaint against Roberson, Medford says that Roberson was intoxicated, belligerent, and harassing the clerk at a Mapco. (Doc. 20-1, p. 4). Roberson then went outside to speak to officers, was arrested for other charges, and searched. (*Id.*). The search revealed a concealed 16 oz can of beer still cold to the touch and that Roberson had not paid for. (*Id.*). Roberson hasn't disputed the accuracy of Medford's description of his arrest. Because Medford had probable cause to arrest Roberson, he didn't violate the Fourth Amendment by arresting Roberson in a public place without a warrant. So the court will not grant Roberson leave to amend his complaint to add claims against Medford and will overrule any objections related to the initial arrest that led to the charge in Case No. 11113912.

4. Roberson's latest filing objects to the magistrate judge taking judicial notice of his state court records. (Doc. 26). It was appropriate for the magistrate judge to take judicial notice of Roberson's state court records, which clarified why Officer Fields was executing the order of commitment to jail on Roberson. *See Grider v. Cook*, 522 F. App'x 544, 546 n.2 (11th Cir. 2013) ("[T]he district court was permitted to take judicial notice of Grider's state court criminal proceedings."); *Keith v. Dekalb Cty., Ga.*, 749 F.3d 1034, 1041 & n.18 (11th Cir. 2014) (taking judicial notice of the Dekalb County Superior Online Judicial System because it created "a more complete picture" of "Adan's incarceration at the Jail."). So the court overrules this objection.

—

To sum up, none of Roberson's filings in response to the report and recommendation undermine the magistrate judge's determination that Roberson's amended complaint fails to state a claim upon which relief can be granted. To the extent that Roberson raises other objections not specifically addressed in this opinion, they (a) do not show that magistrate judge erred in recommending that the court dismiss Roberson's amended complaint, or (b) establish that Roberson could cure his pleading deficiencies in a second amended complaint. So the court **OVERRULES** Roberson's objections.

## Conclusion

After considering the record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court **DISMISSES** this case **WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.

The court will enter a separate final judgment that closes this case.

**Done** on July 30, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

5